IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LEANNE RENEE KIDD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:10-cv-871-WHA |
| | )                        (WO) |
| MANDO AMERICA CORPORATION, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

### I.  BACKGROUND

This cause is before the court on Defendant's Bill of Costs (Doc. # 61) filed on April 13,

2012 in response to the court entering final judgment on April 10, 2012 (Doc. # 60).  In that

order, the court entered judgment in favor of the Defendant, Mando America Corporation, and

taxed costs to the Plaintiff, Leanne Renee Kidd.  On April 27, 2012, the Plaintiff filed an

Opposition to Defendant's Bill of Costs (Doc. # 66), and on April 30, 2012, the Defendant filed a

Reply to Plaintiff's Opposition to Bill of Costs.  (Doc. # 67).

The Plaintiff objects to the costs associated with the following: the exhibit copies,

condensed deposition transcript, depo drive, and rough ASCII transcript for Leanne Renee

Kidd's deposition; the exhibit copies, condensed deposition transcripts, and rough ASCII

transcripts for Jerry Rolison and Tae Kwak's depositions; the exhibit copies, condensed

deposition transcripts, and rough ASCII transcripts for Scott Wren and Kimberly Gradic's

depositions; and the exhibit copies and rough ASCII transcript for B. W. Seo's deposition.

### II.  DISCUSSION

As per Rule 54(d)(1) of the Federal Rules of Civil Procedure, the court should award costs other than attorneys' fees to the prevailing party.  Rule 54(d)(1) does not allow the court infinite discretion in determining what costs are taxable, but instead provides that the court is bound by, *inter alia*, applicable federal statutes.  In 28 U.S.C. § 1920, Congress has "enumerat[ed] the categories of costs and fees that a judge or clerk of court may tax."  *Arcadian Fertilizer, L.P. v. MPW Indus. Services, Inc.*, 249 F.3d 1293, 1296 (11th Cir. 2001).  "As the Supreme Court has explained, absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in 28 U.S.C. § 1920." *Arcadian Fertilizer, L.P.*, 249 F.3d at 1296 (citing *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)).

The Plaintiff argues that the costs for the exhibit copies, ASCII transcripts, condensed deposition transcripts, and the depo drive associated with the six depositions at issue are not taxable pursuant to 28 U.S.C. § 1920.  She supports this argument by citing *Fulton Federal Savings & Loan Association of Atlanta v. American Insurance Company*, 143 F.R.D. 292, 294-95 (N.D. Ga 1991), and by asserting that "litigation support material" such as copies of exhibits, electronic copies, and condensed transcripts are not taxable under 28 U.S.C. § 1920.  Although the Plaintiff does not expand on her citation of *Fulton Federal*, the court presumes, given her citation, that the crux of the Plaintiff's argument is that the categories of evidence she identified are not appropriate under 28 U.S.C. § 1920.

As to the exhibit copies attached to the depositions, the Defendant argues that the copies were necessarily obtained for use in the case and that 28 U.S.C. § 1920 allows for the taxing of costs for copies of exhibits.  28 U.S.C. § 1920(4) specifically makes "[f]ees for exemplification and copies of papers necessarily obtained for use in the case" taxable by the court.  Moreover,

"[c]opies attributable to discovery, copies of pleadings, correspondence, documents tendered to the opposing party, copies of exhibits, and documents prepared for the Court's consideration are recoverable." *Blevins v. Hellig-Meyers Corp.*, 184 F.R.D. 663, 668 (M.D. Ala. 1999) (quoting *Desisto College v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913 (M.D. Fla. 1989)).  The Eleventh Circuit has read the "copies of paper" language from 28 U.S.C. § 1920(4) "to mean reproductions involving paper in its various forms," and has allowed the costs of producing paper copies necessarily obtained for use in the case to be taxed accordingly. *Arcadian Fertilizer, L.P.*, 249 F.3d at 1296.  The Defendant asserts that the exhibits were necessarily obtained for the case while the Plaintiff does not directly dispute this.  The court notes that these exhibits appear to have been produced for the purpose of supplementing the depositions on which the court relied in granting summary judgment.  Accordingly, the court is satisfied that the costs of the exhibit copies are taxable under 28 U.S.C. § 1920(4).

As to the costs associated with the rough ASCII transcripts, condensed deposition transcripts, and the depo drive included in the Defendant's Bill of Costs, the Defendant argues that the court may properly tax costs associated with depositions by the parties in support of their summary judgment claims and cites *U.S. Equal Employment Opportunity Commission v. W & O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000) in support of this contention.  In that case, the Eleventh Circuit explained that "taxation of deposition costs is authorized by § 1920(2)," but also explained that "[w]here the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id.* (internal citations omitted).  The Plaintiff argues that these costs are not taxable under 28 U.S.C. § 1920(2) which states that "[f]ees for printed or electronically recorded transcripts necessarily

obtained for use in the case" may be taxed by this court.  After the Plaintiff objects, the onus is

on the Defendant to articulate why the Plaintiff's objection fails.  In order to do so, the

Defendant would need to show that 28 U.S.C. § 1920(2) encompasses the costs associated with

rough ASCII transcripts, condensed deposition transcripts, and a depo drive and that those costs

were "necessarily obtained for use in the case."  Even if the Defendant's citation to *W & O, Inc.*

establishes that these costs are taxable by the court, the Defendant's brief does not make it clear

whether these costs were necessary costs or convenience costs.

In the absence of a showing by the Defendant as to the necessity of what appear to be

convenience costs included in its Bill of Costs, this court finds, as others have, that those costs

are not taxable pursuant to 28 U.S.C. § 1920(2).  *See Woods v. Deangelo Marine Exhaust Inc.*,

No. 08-81579-Civ., 2010 WL 4116571 *8 (S.D. Fla. September 27, 2010) ("In this Court's

experience, it is customary for stenographer's invoices to include additional expenses for services

such as condensed transcripts, electronic transcripts, CD copies, exhibits, and shipping. Where

such extra services are only for the convenience of counsel, they are not reimbursable."); *see*

*also American Guarantee & Liability Ins. Co. v. U.S. Fidelity & Guar. Co.*, No.

4:06CV655RWS, 2010 WL 1935998 *7 (E.D. Mo. May 10, 2010) ("I will also reduce the Bill of

Costs by $121.25 for the rough draft and electronic transcript because such costs were for the

convenience of the attorneys and were not "necessarily obtained for use in the case" as required

by § 1920.").  Therefore, the costs associated with the rough ASCII transcripts, condensed

deposition transcripts, and the depo drive, which the court finds to be $606 based on the

Defendant's evidentiary submissions, are not taxable pursuant to 28 U.S.C. § 1920.

In conclusion, the court will reduce the original $5300.30 included in the Bill of Costs by $606, which results in a new final amount of $4694.30.

### III. <u>CONCLUSION</u>

For the foregoing reasons, it is ordered as follows:

1. Defendant's Bill of Costs (Doc. # 61) is GRANTED in part and DENIED in part as set forth above.

2. The Clerk of Court shall tax the sum of $4694.30 against Plaintiff Leanne Renee Kidd.

Done this 2nd day of May, 2012.

/s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE