IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

LEANNE RENEE KIDD,              )
                               )
            Plaintiff,          )
                               )
v.                             )  CIVIL ACTION NO. 3:10-cv-871-WHA
                               )            (WO)
MANDO AMERICAN CORPORATION,     )
                               )
            Defendant.          )

**MEMORANDUM OPINION AND ORDER**

**I.  FACTS AND PROCEDURAL HISTORY**

This case is before the court on remand from the Eleventh Circuit Court of Appeals. The Defendant, Mando American Corporation ("Mando"), filed a Motion for Summary Judgment on January 27, 2012 (Doc. # 44), which this court granted in full as to the federal claims, and declined to exercise supplemental jurisdiction over the state law claims (Doc. #58).   The Plaintiff, Leanne Renee Kidd ("Kidd"), appealed.

The relevant facts are more fully set out in the Eleventh Circuit's per curiam opinion (Doc. #74).   Essentially, the case involves an employment dispute.  Kidd is a non-Korean employee of Mando who claims that another person, Byong Woo Seo ("Seo"), was selected for a position with Mando instead of her because he was Korean.   In claiming discrimination, Kidd relies in part on a remark allegedly made by one of Mando's human resource managers, Jerry Rolison ("Rolison").  Kidd states that Rolison told her that Mando's management refused to consider American candidates for the position.

On appeal, the Eleventh Circuit Court of Appeals vacated this court's grant of summary judgment in favor of Mando regarding the claim for discrimination in failure to promote, and affirmed the court's grant of summary judgment in all other respects.  (Doc. #74).

This court was instructed "to determine whether Kidd's testimony about Rolison's alleged statements is admissible and, if it is, to reconsider Mando's Motion for Summary Judgment in light of that determination."  (Doc. #74 at p. 30).

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is proper "if there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion," relying on submissions "which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  Once the moving party has met its burden, the nonmoving party must "go beyond the pleadings" and show that there is a genuine issue for trial. *Id.* at 324.

Both the party "asserting that a fact cannot be," and a party asserting that a fact is genuinely disputed, must support their assertions by "citing to particular parts of materials in the record," or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1)(A), (B).  Acceptable materials under Rule 56(c)(1)(A) include "depositions, documents, electronically stored information, affidavits or declarations, stipulations

(including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."

To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the non-movant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a).

### III. DISCUSSION

The Eleventh Circuit Court of Appeals has concluded that Kidd sufficiently established a prima facie case of discrimination in failure to promote. (Doc. #74 at p.14). The Eleventh Circuit also concluded that the reason articulated by Mando for the selection of Seo, that Seo had "auditing experience–experience Mando's accounting department needed and experience the pre-screened candidates and Kidd did not have," was objectively reasonable on its face. (Doc. #74 at p.15).

The Eleventh Circuit has directed this court to reconsider whether Kidd has established pretext as to the articulated reason by presenting evidence that she was told by Rolison that the decisionmakers "refused to even consider an American candidate." (Doc. #74 at p.19) (citing Kidd's testimony in her deposition, "Jerry Rolison told me himself that he had tried to get four Americans to be considered in the position [sic] and he was denied, they were not even allowed

to interview." (Doc. #46-1 at p. 346: 7-12)).  This court previously determined that Rolison was not the decisionmaker, and therefore, any comment by him was irrelevant because he had no role in the final decision as to whom to hire.

The Eleventh Circuit held that the statement by Rolison that decisionmakers "refused to even consider an American candidate" is subject to two interpretations:  Rolison's opinion speaking as an agent of Mando, or alternatively, Rolison's restatement of what decisionmakers said. (Doc. #74 at p.20).  The Eleventh Circuit reasoned that if Rolison participated in the decision to hire Seo, his remark could be admissible under Rule 801(d)(2)(D).   The Eleventh Circuit directed that if Kidd seeks to introduce Rolison's remark under Rule 801(d)(2)(D), she needs to show that Rolison participated in Mando's decision to hire Seo.  The Eleventh Circuit concluded that it is unclear from the record whether Rolison's role in the decisionmaking process was narrow, involving only the gathering of resumes, through which he would not have been acting as an agent, or whether he had a larger role, which could cause his statement to be an admission by Mando.  (Doc. #74 at p.26).

The Eleventh Circuit also reasoned that Rolison's remark might be admissible as an admission by a party opponent absent a valid hearsay objection, but that the record is unclear as to whether Rolison's statement was one of belief, or was something he heard. (Doc. #74 at p. 20-21).

Rolison's affidavit states that he was asked to gather resumes of candidates for the position, and did so.   Rolison requested that another employee verify the background information, interest level, and requested salary for the candidates, but before they "moved forward to schedule any interviews," he learned "that Mr. Seo was going to be offered the

position." (Doc. #47-3 at p.7).   Kidd has also testified that Rolison said he offered the resumes for consideration, but no evidence in the record has been pointed to which would demonstrate that Rolison had input into the process of hiring Seo beyond gathering resumes and offering them for consideration, distinguishing this case from those in which non-decisionmakers' opinions were admissible because they "reflected some kind of participation in the employment decision or policy of the employer." *Rowell v. BellSouth Corp.*, 433 F.3d 794, 800 (11th Cir. 2005).

As to the second basis of possible admissibility identified by the Eleventh Circuit in this case, although the court must accept Kidd's testimony that Rolison told her no Americans were considered for the position, Kidd does not state in that testimony that Rolison said he was told that no Americans were considered.   Rolison unequivocally states in his affidavit "I was never told this," in reference to the statement that no Americans were considered.   (Doc. #47-3 at p.7). The only evidence as to what Rolison was told, rather than what he believed, to which the court has been pointed in Kidd's deposition is her statement that Rolison told her that he "tried to get four Americans considered for the position to replace and they said, no." (Doc. #46-1 at p. 33:16-17).   This evidence is not sufficient to draw a reasonable inference that Rolison was repeating a statement from Mando officials that "no Americans were considered," only that Mando officials would not consider the four requested by him.   Therefore, this court also concludes that there is insufficient evidence to support a finding that Rolison's statement is admissible as a statement by a party opponent.

In short, upon review of the materials pointed to in briefs in support of and in opposition to summary judgment, the court cannot conclude that either of the bases of admissibility of Rolison's statement which have been identified by the Eleventh Circuit in this case are supported

by the summary judgment record.  Summary judgment is, therefore, due to be GRANTED for failure to establish pretext with regard to the claims remanded for reconsideration by this court.

The Eleventh Circuit's discussion of possible bases for admissibility of Rolison's statement, however, could indicate that there are sufficient questions of fact which must be determined by a trier of fact before admissibility of Rolison's statement can be decided.   If that is the case, the court assumes, for purposes of alternatively analyzing the Motion for Summary Judgment, that Kidd's statement of Rolison's statement to her is admissible.

The Eleventh Circuit has determined that if Rolison's statement is admissible, there is a question of fact sufficient to establish pretext.   For purposes of the Motion for Summary Judgment, however, that is not the end of inquiry, because the mere fact that such a question exists does not rule out summary judgment.   "A plaintiff's prima facie case, combined with sufficient evidence to find that the employer's asserted justification is false, *may* permit the trier of fact to conclude that the employer unlawfully discriminated." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (emphasis added); *see also Chapman v. AI Transport*, 229 F.2d 1012, 1025 n.11 (11th Cir. 2000) (stating that "[i]f the plaintiff does proffer sufficient evidence that the defendant's stated reasons are pretextual, the plaintiff still may not be entitled to take his case to a jury.").   The propriety of summary judgment depends on several factors, which include "the strength of the plaintiff's prima facie case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered." *Reeves,* 530 U.S. at 148.

Here, the prima facie case evidence is not strong.  Because the position at issue was not posted, Kidd never had to present evidence that she possessed the required experience.  (Doc.

#74 at p.14).   Furthermore, as the Eleventh Circuit accepted, Kidd did not demonstrate that she was more qualified than Seo, "much less his equal."  (Doc. #74 at p.18).  Given the relative weakness of the prima facie case, the strength of the evidence of the articulated reason for the hiring of Seo based on his qualifications, and the weakness of the discriminatory evidence in the form of a statement by a non-decisionmaker, the court concludes that, even if evidence of Rolison's statement is admissible, summary judgment is due to be GRANTED on this alternative basis.

## IV. CONCLUSION

For the reasons discussed, the Motion for Summary Judgment as remanded to this court is hereby ORDERED GRANTED.  A separate judgment will be entered in favor of Mando American Corporation, and against Leanne Renee Kidd.


Done this 20th day of December, 2013.


 /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE

7